UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ANSLEY, III,

       Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

File No. 1:08-CV-713

HON. ROBERT HOLMES BELL

**MEMORANDUM OPINION AND ORDER**
**ADOPTING THE REPORT AND RECOMMENDATION**

This matter is before the Court on a request by Plaintiff James Ansley, III, for judicial review of a decision by the Commissioner of Social Security to deny his claim for disability benefits. On September 2, 2009, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that this Court affirm the decision of the Commissioner. (Dkt. No. 16.) Plaintiff filed objections to the R&R on September 11, 2009. (Dkt. No. 17.)

This Court makes a de novo determination of issues in an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id*.

The administrative law judge ("ALJ") in Plaintiff's case determined that Plaintiff had a combination of impairments, including irritable bowel syndrome, hepatitis C, and an affective disorder, that prevented him from continuing in his past relevant work; however,

Plaintiff retained residual capacity sufficient for other work. (*See* R&R 3-4.) The ALJ determined that Plaintiff's reports as to the intensity, persistence, and limiting effects of his symptoms are not entirely credible. (*See id.*) The R&R recommends upholding the findings of the ALJ because they are supported by substantial evidence in the record. (R&R 11.)

The ALJ gave the following reasons as the basis for its credibility finding, to which Plaintiff objects: (1) Plaintiff has not received a physician-imposed limitation on functioning; (2) Plaintiff is well-nourished and well-developed, though thin; (3) the evidence does not establish a suitable lack of concentration, memory, adaptive, cognitive, or personal skills; (4) Plaintiff has not been psychiatrically hospitalized; and, (5) Plaintiff is able to perform various activities, including meal preparation, laundry, dishes, mopping the floor, cleaning, shopping, and attending church. (Admin. R. at 23, ALJ op. at 8.)

1. Plaintiff has not received a physician-imposed limitation on functioning.

The record does not dispute this finding. Plaintiff refers to the opinion of Dr. Jerome, who indicated that Plaintiff met the requirements for two listed impairments because of marked restrictions in Plaintiff's functioning. (Admin. R. at 256.) However, there is no indication that any physician recommended limits on Plaintiff's functioning. Moreover, as the R&R notes, the ALJ was entitled to discount the opinion of Dr. Jerome. (R&R 8, 13-16.) On de novo review, the Court cannot discern any error in the R&R.

2. Claimant is well-nourished and well-developed, though thin.

Plaintiff objects to this finding because he testified that he is 5'4" and weighs 116

pounds. (Admin. R. at 535.) However, Plaintiff's height and weight, at best, confirm that he is thin. They do not, in themselves, contradict the ALJ's finding that he is well-nourished and well-developed.

3. <u>The evidence does not establish a lack of concentration, etc</u>.

In his objections, Plaintiff refers to the contrary opinion of Dr. Jerome that is noted by the ALJ; however, the ALJ could properly discount this opinion for the reasons stated in the R&R. (R&R 13-16.)

4. <u>Plaintiff has not been psychiatrically hospitalized</u>.

Plaintiff argues that hospitalization is not required to establish a psychological condition; however, the lack of hospitalization is only one factor supporting the ALJ's determination on the whole record; it was not necessarily the determinative factor. The ALJ also noted the consistent observations of clinicians that Plaintiff presented as "alert, fully oriented, friendly, appropriate, and without perceptual disturbances or obvious cognitive deficits," and that there was no evidence of regular mental health treatment. (Admin. R. at 23, ALJ op. at 8.)

5. <u>Plaintiff is able to perform various activities, including meal preparation, etc.</u>

Plaintiff contends that information regarding his activities came from his original application for benefits but that his later testimony clarified that he engages in some of these activities once or twice a week, he does not go to movies, does not out to eat or attend

church, and his activity level depends on whether he is feeling sick.[1] (Admin. R. at 556-59.) However, the ultimate issue before the ALJ was not whether Plaintiff in fact engaged in certain activities on a regular basis, but whether his symptoms limited his functioning. The ALJ was entitled to cite the representations in Plaintiff's application as part of her determination of Plaintiff's credibility in view of the whole record. The representations of Plaintiff and his mother in his application, in which they stated that he engaged in various activities on a daily or weekly basis without difficulty, tends to contradict Plaintiff's testimony that he experienced debilitating flare-ups of his condition several times per week lasting for three days at a time.

Plaintiff also contends that the ALJ's findings regarding a lack of credibility as to the intensity of Plaintiff's symptomatology is inconsistent with the ALJ's finding that Plaintiff's impairments could reasonably be expected to produce Plaintiff's symptoms. However, the issue of whether an impairment exists is separate from the issue of the severity of the symptoms resulting from that impairment. The ALJ could conservatively conclude that an

---

[1]According to his application for benefits, Plaintiff reported that he could lift fifteen pounds, stand for an hour and sit for three or more hours at a time. (Admin. R. at 96.) He also reported preparing his own meals, performing various chores (including laundry, mopping, vacuuming, washing dishes, shoveling snow, and home repairs) for an hour at a time weekly or every other week, and shopping twice a week for 20 minutes. (Admin. R. at 97.) He reported engaging in various hobbies (fishing, bowling, sewing, shooting pool, shuffleboard, and darts) weekly for about two hours at a time. (Admin. R. at 98.) Plaintiff's mother reported that Plaintiff read, drove the car, cooked, and cleaned the house every day, did yard work, shopped, and "fixes things" as needed, and that he had no difficulty performing any of these activities. (Admin. R. at 102.) At the hearing before the ALJ, Plaintiff testified that his ability to perform these activities was dependent upon the symptoms he was experiencing, and that flare-ups of his condition would occur two or three times a week lasting for about three days at a time. (Admin. R. at 559-60.)

impairment existed and also conclude that Plaintiff's claims as to the limiting effect of his symptoms were not entirely credible where, inter alia, Plaintiff presented to physicians as well-nourished, the results of medical testing was "unremarkable" and failed to uncover any "profound pathology" or "meaningful anomaly" that would hamper Plaintiff's functioning, where Plaintiff's "clinical presentations were consistently benign," where Plaintiff had been non-compliant with treatment recommendations and had instituted measures that were "counterproductive," and where Plaintiff's activity level indicated that he maintained residual functionality. (Admin. R. at 23, ALJ op. at 8.)

In summary, the Court cannot discern any error in the conclusion of the R&R that the findings of the ALJ as to Plaintiff's credibility were supported by substantial evidence in the record.

Finally, Plaintiff contends that, once the ALJ concluded that Plaintiff could not perform his past relevant work, the burden shifted to Defendant to show that Plaintiff could perform other work. However, Defendant met its burden by showing that, based on Plaintiff's residual functional capacity, there existed other work in significant numbers in the national economy that Plaintiff was capable of performing. (Admin. R. at 25, ALJ op. at 10.) *See* 20 C.F.R. § 404.1560(c) (setting forth standards and process for determining whether a claimant that is unable to perform past relevant work is able to adjust to other work). To meet its burden, Defendant was not required to provide additional evidence about Plaintiff's functional capacity. 20 C.F.R. § 404.1560(c)(2).

For the foregoing reasons, the R&R will be adopted as the opinion of the Court. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the Report and Recommendation (Dkt. No. 17) are **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Dkt. No. 16), together with the memorandum opinion herein, is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the decision of the Commissioner of Social Security is **AFFIRMED** and Plaintiff's request for a remand to the agency is **DENIED**.

A judgment will be entered that is consistent with this opinion.


Dated: <u>March 17, 2010</u>　　　　　　　　　　　　/s/ Robert Holmes Bell
　　　　　　　　　　　　　　　　　　　　　　　ROBERT HOLMES BELL
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE